IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LADONYA JACKSON § | |
| § | |
| VS. § | |
| § | Cause No. 6:22-cv-051 |
| EAN HOLDINGS, LLC, § | |
| ENTERPRISE RAC COMPANY OF § | |
| BALTIMORE, LLC, § | |
| AND ODONNA BASS § | |

## DEFENDANT ODONNA BASS'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ODONNA BASS,** Defendant in the above-styled cause and files this, her Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to remove this action originally filed in the 4th Judicial District Court of Rusk County, Texas, to the United States District Court for the Eastern District of Texas, Tyler Division. In support thereof, Defendant would respectfully show the Court the following:

### I.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND

1.    This personal injury case arises out of an automobile collision that occurred in Henderson, Rusk County, Texas, on or about December 20, 2019. Plaintiff filed suit on August 30, 2021, in the 4th Judicial District Court of Rusk County, Texas, under the style of *Ladonya Jackson v. EAN Holdings, LLC, and Odonna Bass,* Cause No. 2021-194. Ex. 1, Pl.'s Orig. Pet. Defendant Enterprise RAC Company of Baltimore, LLC, filed its Original Answer in the state court action on September 29, 2021, asserting Plaintiff had incorrectly named it as "EAN Holdings, LLC." Ex. 3, Def. Enterprise RAC's Orig. Ans. On December 20, 2021, Plaintiff filed her First

Amended Petition formally adding Enterprise RAC Company of Baltimore, LLC, as a defendant in the case. Ex. 2, Pl.'s First Am. Pet. Defendant EAN Holdings, LLC, filed its Original Answer in the state court action on January 17, 2022. Ex. 4, Def. EAN Holdings's Orig. Ans. Defendant Odonna Bass filed her Original Answer on January 31, 2022, Ex. 5, Def. Bass's Orig. Ans.

## II. TIMELINESS OF REMOVAL

2. Plaintiff served Defendant Odonna Bass with a copy of Plaintiff's Original Petition and the accompanying citation, as well as Plaintiff's First Amended Petition and accompanying citation, on January 10, 2022. *See* Ex. 6, Return of Service for Pl.'s Orig. Pet.; Ex. 7, Return of Service for Pl.'s First Am. Pet. Pursuant to 28 U.S.C. § 1446(b)(1), Odonna Bass timely files this Notice of Removal within thirty (30) days after service and receipt of Plaintiff's Original and First Amended Petitions.

## III. GROUNDS FOR REMOVAL

3. This removal is proper because the Court has subject matter jurisdiction based on complete diversity of citizenship under 28 U.S.C. § 1332(a). Complete diversity of citizenship between the properly joined parties existed at the time Plaintiff filed the state court action (August 30, 2021) and at the time of this removal (February 9, 2022).

### A. The amount in controversy exceeds $75,000.00.

4. Plaintiff expressly alleges she "seeks monetary relief over $1,000,000.00." Ex. 2, Pl.'s First Am. Pet., at 7. It is facially apparent from Plaintiff's First Amended Petition that her personal injury claims in this case allegedly exceed

the sum or value of $75,000.00, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a).

### B. Complete diversity of citizenship exists between the properly joined parties.

5. There is complete diversity of citizenship between all properly joined parties to this lawsuit. Plaintiff Ladonya Jackson alleges in her First Amended Petition that she resides in Longview, Texas. Ex. 2, Pl.'s First Amended Pet., at 2. Therefore, Plaintiff is, on information and belief, domiciled in Texas and is a citizen of Texas. *See id.*

6. Defendant EAN Holdings, LLC, is, and was at the time of the filing of Plaintiff's First Amended Petition, a limited liability company organized under the laws of the state of Delaware. None of the members of EAN Holdings, LLC, is a citizen of Texas.

7. Defendant Enterprise RAC Company of Baltimore, LLC, is, and was at the time of the filing of Plaintiff's First Amended Petition, a limited liability company organized under the laws of the state of Delaware. None of the members of Enterprise RAC Company of Baltimore, LLC, is a citizen of Texas.

8. Defendant Odonna Bass is, and was at the time of the filing of Plaintiff's First Amended Petition, domiciled in Maryland and, therefore, is a citizen of Maryland.

9. Given this complete diversity of citizenship between these properly joined parties, this Court has jurisdiction under 28 U.S.C. § 1332(a). Because no properly joined Defendant is a citizen of Texas, removal is proper under 28 U.S.C. § 1441(a) and (b)(2).

## IV.  CONSENT

20. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly joined and served defendants must consent to this removal. Defendants EAN Holdings, LLC, and Enterprise RAC Company of Baltimore, LLC, consent to this removal. *See* Ex. 8, Notice of Consent to Removal.

## V.  VENUE

21. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed state court action has been pending. Specifically, the 4th Judicial District Court of Rusk County, Texas, is geographically located within the Tyler Division of the United States District Court for the Eastern District of Texas.

## VI.  COMPLIANCE WITH PROCEDURAL REQUIREMENTS

22. Copies of all process, pleadings, and orders served upon Defendant Odonna Bass are attached to this Notice as **Exhibits 1, 2, 6, 7, and 9**, pursuant to 28 U.S.C. § 1446(a).

23. This Notice of Removal reflects the style of the case exactly as it was styled in state court, pursuant to Local Rule CV-81(a).

24. Defendant Odonna Bass's Original Answer filed in state court did not include a jury demand, but she will file a separate jury demand pursuant to Local Rule CV-38(a) in this Court. The Original Answers filed by Defendants EAN Holdings, LLC, and Enterprise RAC Company of Baltimore, LLC, in the state court action did include a request for jury trial. *See* Exs. 3 and 4.

25. Pursuant to Local Rule CV-81(c)(1) and (c)(4), a list of all parties in the case, their party type, the current status of the removed case, and a record of which parties have requested trial by jury is attached as **Exhibit 10**.

26. Pursuant to Local Rule CV-81(c)(2), a civil cover sheet is attached as **Exhibit 11**, and a certified copy of the state court docket sheet is attached as **Exhibit 12**. Copies of all pleadings that assert causes of action (i.e. Plaintiff's Original Petition and Plaintiff's First Amended Petition) are attached as **Exhibits 1 and 2**. Copies of all answers to such pleadings are attached as **Exhibits 3–5**. Copies of all process and orders served upon Defendant Odonna Bass are attached as **Exhibits 6 and 7**.

27. Pursuant to Local Rule CV-81(c)(3), a list of all attorneys involved in this action, their addresses, phone numbers, and represented parties is attached as **Exhibit 13**.

28. Pursuant to Local Rule CV-81(c)(5), the name and address of the court from which the case is being removed is attached as **Exhibit 14.**

29. Defendant Odonna Bass is not required to file the Disclosure Statement required by Fed. R. Civ. P. 7.1 because she is not a nongovernmental corporate party.

30. In the event this Court subsequently identifies a defect in this Notice of Removal, Defendant Bass respectfully requests that this Court grant her leave to amend this Notice to cure the defect. *See James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co.*, 499 F. Supp. 2d 710, 712 (E.D. Tex. 2007) (Clark, J.) (noting that the removing party may amend or supplement a Notice of Removal to

cure procedural defects); *see also City of McKinney v. Allegiance Benefit Plan Mgmt., Inc.*, No. 4:21-CV-00271, 2021 WL 2550916, at *2 (E.D. Tex. June 22, 2021) (Mazzant, J.) ("District courts have the authority and discretion to allow a defendant to cure defective jurisdictional allegations in its notice of removal under 28 U.S.C. § 1653.").

31. By filing this Notice of Removal, Defendant Odonna Bass does not waive any legal defenses or objections to Plaintiff's First Amended Petition, but expressly reserves her right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

32. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

## VII. CONCLUSION

In conclusion, Defendant Odonna Bass represents that she has properly complied with the removal statutes set forth above, and this case thus stands removed from the 4th Judicial District Court of Rusk County, Texas, to the United States District Court for the Eastern District of Texas, Tyler Division.

        Respectfully submitted,

        **THE PARKER FIRM, P.C.**
        6115 New Copeland Rd., Ste. 320
        Tyler, Texas 75703
        903/595-4541 Telephone
        903/595-2864 Telefax

        */s/ W. Todd Parker*
        **W. TODD PARKER**
        Texas Bar No. 00794424
        tparker@parkerfirmpc.com
        **JOHN RODDY PACE**
        Texas Bar No. 24082366
        jrpace@parkerfirmpc.com

        **ATTORNEYS FOR DEFENDANT ODONNA BASS**

## CERTIFICATE OF SERVICE

    I, the undersigned attorney, do hereby certify that on the 8th day of February, 2022, a true and correct copy of the foregoing document was forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure.

        */s/ W. Todd Parker*
        **W. TODD PARKER**